IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK NELLOM,                               :
                                            :
                    Petitioner,             :        CIVIL ACTION NO. 21-2835
                                            :
        v.                                  :
                                            :
SOBER; THE DISTRICT ATTORNEY OF             :
THE COUNTY OF DELAWARE; and THE             :
ATTORNEY GENERAL OF THE STATE               :
OF PENNSYLVANIA,                            :
                                            :
                    Respondents.            :

**MEMORANDUM OPINION**

Smith, J.                                                        August 12, 2022

The petitioner was arrested following allegations that he stole electric service from an

electric company by using an altered meter. The petitioner proceeded to a jury trial, at the

conclusion of which the jury found him guilty of theft of services exceeding $50 in value. The trial

court imposed an aggregate sentence of 21 months to 42 months of incarceration, followed by

three years' probation. The petitioner challenged his conviction and sentence on direct appeal,

where the Pennsylvania Superior Court affirmed his conviction, but vacated his sentence and

remanded the case for resentencing. The petitioner challenged the affirmance of his conviction to

the Pennsylvania Supreme Court, which declined to review the case. The petitioner is still waiting

to be resentenced.

Shortly after the Pennsylvania Supreme Court declined review, the petitioner filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court. Presently before the court

is the petitioner's amended habeas petition, in which he raises four claims for habeas relief. This

court referred the amended petition to a Magistrate Judge, who issued a report recommending the

court deny the petition and decline to issue a certificate of appealability. The petitioner has filed

three objections to the report.

After reviewing these objections, the report and recommendation, the record, and the

parties' submissions in this matter, the court finds that the objections lack merit. Nevertheless,

after conducting plain error review of the report, the court will not adopt the report insofar as it

recommends that the court deny two of the four claims for being unexhausted. This determination,

however, does not lead to the petitioner being entitled to habeas relief because the two claims are

procedurally defaulted, and the petitioner has not demonstrated cause, prejudice, or a miscarriage

of justice to overcome the default. Accordingly, the court will overrule the objections, approve and

adopt the report and recommendation except as noted in this opinion, deny the habeas petition, and

decline to issue a certificate of appealability.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The *pro se* petitioner, Frank Nellom ("Nellom"), stole electric service from the

Philadelphia Electric Company ("PECO") by using an altered meter. *See Commonwealth v.*

*Nellom*, 234 A.3d 695, 697–98 (Pa. Super. 2020) (describing facts presented at trial). In April

2019, Nellom proceeded to a jury trial in the Court of Common Pleas of Delaware County, which

concluded with the jury convicting him of one count of Theft of Services.[1] *See id.* at 697, 698;

Docket, *Commonwealth v. Nellom*, No. CP-23-CR-7367-2018 (Del. Cnty. Ct. Com. Pl.), *available*

*at*:      https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-23-CR-0007367-

2018&dnh=YZTJbDhfARNwwKU%2FPwB7%2FQ%3D%3D ("Com. Pl. Docket"); Pet. Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Am. Pet.") at ECF p.

6, Doc. No. 6. The jury also found that Nellom stole services exceeding $50 in value in its response

---

[1] 18 Pa. C.S. § 3926(a)(1). Nellom apparently represented himself at trial, although the trial court appointed standby counsel to assist him. *See Nellom*, 234 A.3d at 698.

to a special interrogatory.[2] *Nellom*, 234 A.3d at 698; *see* Am. Pet. at ECF p. 22 (attaching copy of verdict slip showing that jury found that "the value of the services obtained exceed[ed] fifty dollars ($50.00)").

On June 3, 2019, based on the grading of the theft of services conviction as a third-degree felony, the trial court sentenced Nellom to a minimum of 21 months to a maximum of 42 months' incarceration, followed by three years' probation. *Nellom*, 234 A.3d at 698; Com. Pl. Docket; Am. Pet. at ECF p. 1. The trial court also imposed restitution in the amount of $3,659. *Nellom*, 234 A.3d at 698; Am. Pet. at ECF p. 6.

Nellom, still proceeding *pro se*, filed a notice of appeal from his judgment of sentence to the Superior Court of Pennsylvania. *Nellom*, 234 A.3d at 698; Com. Pl. Docket; Am. Pet. at ECF p. 7. In the appeal, Nellom raised five issues:

> I. Was the evidence sufficient to demonstrate that: 1) there were unauthorized taps on the outside electric line to the property; and 2) the electric line to the property had been previously cut or disconnected?
>
> II. Did the trial court err by refusing to allow Appellant to introduce evidence of the PECO billing history for the subject property?
>
> III. Did the trial court err by refusing to allow Appellant to introduce evidence that his PECO bills were paid through his participation in the LIHEAP assistance program?
>
> IV. Was the verdict slip deficient because it did not require the jury to make a specific finding as to the value of the stolen services, resulting in an illegal sentence?
>
> V. Was the evidence sufficient to demonstrate that Appellant lived at the subject property?

---

[2] As discussed *infra*, the jury's determination of the value of the stolen services governed the grading of the offense. *See* 18 Pa. C.S. § 3926(c) (indicating that value of services affected grading of theft of services offense); 18 Pa. C.S. § 3903 (pertaining to grading of theft offenses).

*Nellom*, 234 A.3d at 699–700 (citation omitted); *see also* Am. Pet. at ECF p. 8 (summarizing claims on appeal to Superior Court).

On June 10, 2020, the Superior Court affirmed Nellom's convictions, but vacated his sentence and remanded the matter to the trial court for resentencing. *See Nellom*, 234 A.3d at 705. As to Nellom's individual claims, the Superior Court determined that Nellom's first and fifth issues, which raised claims about the sufficiency of the evidence presented at trial, lacked merit. *See id.* at 700–03. As for Nellom's second and third issues, the court concluded that he waived any claims relating to the admission of his PECO bills because he failed to identify the location in the record where the trial court either denied his request to introduce the evidence or otherwise ruled on his request. *Id.* at 703. The court also determined that even if Nellom preserved the issues relating to the PECO bills, the record did not support his claims. *Id.* Concerning Nellom's fourth issue, the court agreed with him that the verdict slip was deficient because it did not provide the jury with the "essential question[] necessary to elevate the grade of the offense . . . to . . . a felony of the third degree" insofar as the verdict slip did not ask the jury the proper questions to allow it to determine the value of the stolen services which would permit the offense being graded higher than a second-degree misdemeanor.[3] *Id.* at 703–05. Because the jury did not find that the stolen services were valued at an amount which would have warranted the offense being graded as a third-degree felony, the Superior Court concluded that Nellom's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 705. Therefore, the court directed that the matter be remanded to the trial court for resentencing, with the offense being graded as a second-degree

---

[3] The Superior Court explained that the jury would have had to specifically find that "the amount involved was between $200.00 and $2,000.00" or that it "exceeded $2,000" for the offense to be graded as a first-degree misdemeanor or a third-degree felony, respectively. *Nellom*, 234 A.3d at 705 (citing 18 Pa. C.S. § 3903(b), (a.1)).

misdemeanor in accordance with the jury finding only that the value of the stolen services exceeded $50. *Id.*

Nellom filed an application for reargument with the Superior Court on June 23, 2020, which the Superior Court denied on August 17, 2020. *See* Docket, *Commonwealth v. Nellom*, No. 1669 EDA 2019 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1669%20EDA%202019&d nh=BQ1QS3MsJXlWoNK9X0tlQg%3D%3D. He then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on September 9, 2020. *See id.*; *see also* Docket, *Commonwealth v. Nellom*, No. 551 MAL 2020 (Pa.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=551%20MAL%202020&d nh=ItTxujM5hW9m5O62Pwu3Sg%3D%3D ("Pa. Docket"). The Supreme Court of Pennsylvania denied Nellom's petition for allowance of appeal on April 13, 2021. *See* Pa. Docket.

In addition to the foregoing, while Nellom's petition for reargument was awaiting disposition by the Superior Court, the trial court resentenced him to a sentence of a minimum of one year to a maximum of two years' incarceration on July 31, 2020. *See* Com. Pl. Docket. The trial court also appears to have again imposed restitution totaling $3,659. *See id.* Nellom timely appealed from this newly imposed judgment of sentence to the Superior Court. *See id.*; *see also* Docket, *Commonwealth v. Nellom*, No. 1622 EDA 2020 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1622%20EDA%202020&d nh=HfaWX5XlOeog5kVFe1nwIw%3D%3D ("Superior Ct. Docket"). On June 14, 2021, the Superior Court quashed the appeal because it determined that the trial court lacked jurisdiction to resentence Nellom prior to the Pennsylvania Supreme Court resolving the petition for allowance

of appeal. *See* Superior Court Docket.[4] The Superior Court remanded the matter to the trial court for resentencing. *See id.* Nellom is currently awaiting resentencing.

Concerning Nellom's relevant federal activity, on February 12, 2021, he filed a *pro se* habeas petition in the United States District Court for the Middle District of Pennsylvania.[5] *Nellom v. Sober, et al.*, Civ. A. No. 21-1295, Doc. No. 1. On March 18, 2021, the Honorable Malachy E. Mannion entered a memorandum opinion and order transferring the matter to this court. *See id.*, Doc. Nos. 3, 4. Shortly thereafter, on April 14, 2021, this court entered an order and memorandum opinion dismissing the habeas petition without prejudice to Nellom refiling it once he fully exhausted his available state court remedies. *See id.*, Doc. Nos. 7, 8. On June 9, 2021, Nellom filed a motion to file an amended habeas petition, which the court denied on June 15, 2021. *See id.*, Doc. Nos. 11, 12.

On June 22, 2021, the clerk's office docketed a purported amended habeas petition filed by Nellom at Civil Action No. 21-1295. *See id.*, Doc. No. 13. As Nellom's filing was actually a new habeas petition filed after the Pennsylvania Supreme Court had denied his petition for allowance of appeal, the court directed the clerk of court to remove the purported amended habeas petition from Civil Action No. 21-1295 and docket it as a new habeas petition with a new civil action number. *See id.*, Doc. No. 14.

Pursuant to the court's direction, the clerk's office docketed Nellom's habeas petition in the above-captioned civil action number. *See* Doc. Nos. 1, 3. Nellom then filed the instant amended habeas petition on July 26, 2021. *See* Doc. No. 6. On September 22, 2021, the court referred the

---

[4] The publicly available docket entries contained an explanation for the Superior Court's order quashing the appeal.
[5] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, the petitioner included a declaration that he gave the petition to prison authorities for mailing to the court on February 12, 2021. *See* Pet. at ECF p. 16. As such, the court uses February 12, 2021, as the filing date.

case to United States Magistrate Judge Carol Sandra Moore Wells for the preparation of a report

and recommendation. *See* Doc. No. 9. Nellom filed a motion for summary judgment on February

28, 2022. *See* Doc. No. 15. On March 9, 2022, the respondents filed a response in opposition to

the amended habeas petition. *See* Doc. No. 16.

Judge Wells issued a report and recommendation ("R&R") on May 31, 2022. *See* Doc. No.

20. In the R&R, Judge Wells identified Nellom's habeas claims as follows: "(1) the

Commonwealth presented false evidence to convict him; (2) he is actually innocent; (3) his

conviction violated *Apprendi*; and (4) his sentence violated *Apprendi*." R. & R. at 2. Judge Wells

found claims one and three to be unexhausted, claim two to be incognizable as an actual innocence

claim, and claim four to be moot because the Superior Court already remanded Nellom's case for

resentencing. *See id*. at 2–3. Judge Wells also recommended that the court deny the motion for

summary judgment. *See id.* at 3 n.4, 4.

Nellom filed timely objections to Judge Wells' R&R on June 13, 2022. *See* Doc. No. 21.

While somewhat unclear, the court understands Nellom to be contending that the R&R failed to

address the following issues: (1) an actual innocence claim based on the December 12, 2018

preliminary hearing testimony of John Senkow, (2) whether John Senkow fabricated photo

evidence, (3) why the owner of the property did not testify, because the lack of the owner's

testimony "[m]akes it impossible to prove the charge beyond a reasonable doubt[,]" and (4)

whether $2,000 needed to be stated on the verdict slip. *See* Obj. to Recommendation at ECF pp.

2–3 (emphasis omitted). In another section of his objections, Nellom further clarifies that his

"question for appeal" is whether,

> a) confession of John Senkow, b) absence of absolutely necessary material witness,
> c) $50 verdict slip disproving the essential element of the charge tried, and d) no
> record of a misdemeanor charge and trial exist? Each establish actual or factual

innocence? Demonstrating a Miscarriage of justice against the future of my children?

*Id.* at ECF p. 3. The respondents did not file a response to the objections. As such, the objections are ripe for review.

## II.      DISCUSSION

### A.      Standard of Review

Upon timely and specific objection by a party to a portion of a report and recommendation issued by a magistrate judge, the district court "is obliged to engage in *de novo* review of only those issues raised on objection." *Morgan v. Astrue*, Civ. A. No. 08-2133, 2009 WL 3541001, at *2 (E.D. Pa. Oct. 30, 2009) (citing 28 U.S.C. § 636(b)(1) and *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)). In conducting this review of the report, the court may "accept, reject, or modify, in whole or in part," the report's findings and recommendations. *Id.* (quoting 28 U.S.C. § 636(b)(1)).

### B.      Analysis

Before addressing the substance of Nellom's objections, the court notes that it is unclear the portions of Judge Wells' R&R to which Nellom is objecting. His objections are either statements resembling unresponsive regurgitations of the claims in his amended petition, or new concerns not brought before Judge Wells in the amended petition. However, insofar as the court is able, the court interprets Nellom's submission as objecting to Judge Wells' resolution of the first three claims in his amended habeas petition; namely, that (1) the Commonwealth presented false evidence to convict him; (2) he is actually innocent; and (3) his conviction violated *Apprendi*. The court will address Judge Wells' resolution of these claims in turn.

### 1.      Nellom's Objection to the R&R as to Claim One

Nellom's first claim is that the Commonwealth presented false evidence and testimony against him. *See* Am. Pet. at ECF pp. 10–11. Upon review, Judge Wells concluded that this claim is unexhausted because Nellom had not presented it to the applicable state courts. *See id*. at 2–3. Judge Wells noted that as Nellom is currently awaiting resentencing, he will be permitted to appeal again once that occurs, and he can still present claim one to the appropriate state courts at that time. *See id.* at 3.

Nellom's objections to the R&R, to the extent those objections relate to his first habeas claim, only contain references to his claim that the Commonwealth presented false evidence and testimony against him.[6] He does not, at any point, specifically or implicitly object to Judge Wells' determination that he failed to exhaust his available state court remedies as to this claim. As such, he is not entitled to *de novo* review of Judge Wells' resolution of his first habeas claim. *See* 28 U.S.C. § 636(b) ("A [district] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) ("As the District Court explained, to the extent Snyder failed to make specific objections to portions of the R & R, the Court was not required to engage in *de novo* review." (citations omitted)); *see also Edwards v. Hutchinson*, No. 21-7625, 2022 WL 989386, at *1 (4th Cir. Apr. 1, 2022) (per curiam) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Although Edwards received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review because the

---

[6] The reference reads, "Did Investigator John Senkow Fabricate this Photo Evidence. {Exhibit C}. " [sic] Unauthorized Taps C On behalf of the Exelon Corporation as imprinted?" *See* Objs. at ECF p. 3.

objections were not specific to the particularized legal recommendations made by the magistrate judge." (internal citations omitted)).

Nonetheless, when reviewing the report for plain error, it is evident that the court may not adopt Judge Wells' analysis of claim one in the amended habeas petition. Contrary to Judge Wells' conclusion, Nellom will not be able to raise his claims relating to the alleged falsity of the evidence presented to support his conviction on an appeal after he has finally been resentenced. In this regard, the court notes that

> a limited grant of relief for resentencing does not entitle a defendant to litigate on appeal claims unrelated to the resentencing. *See Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) (stating "having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction; the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand"; dismissing appeal following remand for resentencing where appellant raised new issues on appeal challenging his conviction). In *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. Super. 2008), this Court explained:
>
>> Although [a]ppellant successfully challenged his corrupt organizations convictions and sentences ... in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of *habeas corpus* relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. **Further, while it is correct that [a]ppellant had an absolute constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of *habeas corpus* relief ... in that direct appeal, he was permitted to raise issues pertaining only to the resentencing procedure itself**; his underlying claims of trial court error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing.
>
> *Id.* at 785–86 (internal footnote and citation omitted) (emphasis added) (holding appellant's non-vacated sentences became final on October 2, 1995, when appellant discontinued his direct appeal; federal court's subsequent grant of limited habeas corpus relief did not "reset clock" of finality of non-vacated sentences).

*Commonwealth v. Johnson*, No. 2306 EDA 2014, 2015 WL 7078933, at *2 (Pa. Super. June 16, 2015).

Here, and as explained above, on direct appeal the Superior Court upheld Nellom's conviction for Theft of Services. *See Nellom*, 234 A.3d at 700–04. Also, and most importantly, the Superior Court vacated Nellom's judgment of sentence and remanded the matter for resentencing in light of the change in the grading of his conviction. Thus, once Nellom is resentenced, he will only be able to challenge an issue with that resentencing on appeal (should he choose to file one) as he does not get a second bite at the apple regarding a challenge to his conviction for Theft of Services. *See Johnson*, 2015 WL 7078933, at *2.

Despite this issue with the report, it does not affect this court ultimately finding that Nellom is not entitled to habeas relief on his first claim because it is procedurally defaulted. As to whether a claim is procedurally defaulted, generally, a federal court may consider a habeas petition only after the petitioner has exhausted available state remedies, which means the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). When a petitioner has failed to exhaust a claim by failing to "fairly present" it to the state courts, the claim is considered to have been procedurally defaulted if the petitioner may no longer seek further relief on the claim in state court. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). In such cases, exhaustion is futile, and the court may only reach the merits of the claim if the petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice." *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

However, to fairly present a federal claim to a state court, a habeas petitioner "need not have cited 'book and verse' of the federal constitution." *Briston v. Wholey*, 307 F. App'x 616, 618

11

(3d Cir. 2009) (per curiam) (quoting *McCandless*, 172 F.3d at 261). For example, the petitioner

may present the claim through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*McCandless*, 172 F.3d at 261 (quoting *Evans v. Ct. Common Pleas, Del. Cnty., Pa.*, 959 F.2d 1227,

1232 (3d Cir. 1992)).

Here, as illustrated by the court's recitation of the issues the Superior Court identified

Nellom as raising on direct appeal, *supra* at 3, Nellom did not raise his first habeas claim in his

state court proceedings. Therefore, claim one is procedurally defaulted. Nevertheless, "courts will

exempt a movant from that rule if [the movant] can prove either that [the movant] is actually

innocent of the crime for which [the movant] was convicted, or that there is a valid cause for the

default, as well as prejudice resulting from the default." *Hodge v. United States*, 554 F.3d 372,

378–79 (3d Cir. 2009) (citing *Bousley*, 523 U.S. at 622). Nellom has not shown a valid cause for

the default relating to either actual innocence or cause and prejudice.[7] Accordingly, the court will

(1) overrule Nellom's objection because he failed to specifically object to Judge Wells'

---

[7] Nellom could allege and demonstrate "cause" for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992). The "cause" must be "something that cannot fairly be attributed to [Nellom]." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show "prejudice", Nellom must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [Nellom's] actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The court notes that Nellom never alleges or attempts to show cause or prejudice to excuse the default. *See generally* Am. Pet.; Objs.

As for the "fundamental miscarriage of justice" or actual innocence exception, this exception to procedural default is concerned only with "actual" innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error. *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995); *see also Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004) (finding that credible allegation of actual innocence constitutes miscarriage of justice that enables federal court to hear merits of otherwise procedurally defaulted habeas claims), *cert. denied*, 543 U.S. 1070 (2005). Here, while Nellom references the phrase "actual innocence," nothing he has stated in his amended petition or in his objections demonstrates that no reasonable juror would have convicted him of Theft of Services absent any purported errors.

determination as to claim one, (2) reject the recommendation that the court deny claim one because it is unexhausted, and (3) deny claim one because it is procedurally defaulted.

### 2.    Nellom's Objection to R&R as to Claim Two

Nellom's second claim is a freestanding assertion of actual innocence. *See* Am. Pet. at ECF pp. 12–13. In support, Nellom argues that no evidence places him at the scene of the crime listed on the verdict slip. *See id*. Judge Wells concluded that claim two constituted a non-cognizable, stand-alone claim of actual innocence. *See* R. & R. at 2. As with claim one, it is unclear what, if at all, Nellom objects to regarding Judge Wells' determination. Nellom makes no specific objections to the R&R. *See* Objs. at ECF pp. 2–3. Thus, Nellom is not entitled to *de novo* review and the court will review the report for plain error. *See* 28 U.S.C. § 636(b). Upon review, the court finds no plain error in Judge Wells' determination that Nellom's freestanding actual innocence claim is not cognizable on federal habeas review.

"[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Moreover, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id*. at 401. "However, a credible claim of actual innocence can act as a 'gateway' through which a federal habeas petitioner may pass to have an otherwise procedurally barred constitutional claim considered on the merits." *Danner v. Cameron*, 955 F. Supp. 2d 410, 420 (M.D. Pa. 2013), *aff'd*, 564 F. App'x 681 (3d Cir. 2014) (citations omitted).

Here, Nellom has not alleged newly discovered evidence showing his actual innocence exists. Instead, in his amended habeas petition and objections to the R&R, he implies that the

following establish his actual innocence: (1) the preliminary hearing testimony of John Senkow, (2) that John Senkow potentially fabricated photo evidence, (3) that "the record establish [sic] the undeniable fact of actual innocence in [sic] closing argument: 'fact [sic] the [o]wner of property did not testify? Makes it impossible to prove the charge beyond a reasonable doubt?", and (4) "that no evidence places [Nellom] at the scene of the crime on the May 10, 2017 date listed on the verdict slip. *See* Objs; *see also* Am. Pet. at ECF p. 10.

None of these objections are directly responsive to the R&R, nor do they implicate evidence that was unavailable at the time of Nellom's trial. In the context of claims of actual innocence "when a petitioner has been 'tried before a jury of his peers, with the full panoply of protections that our Constitution affords criminal defendants,' it is appropriate to apply an 'extraordinarily high' standard of review[.]" *Schlup*, 513 U.S. at 315–16 (internal citations and quotations omitted). Under plain error review, the court finds none. As such, Nellom's objection to the R&R regarding claim two is overruled.

### 3.       Nellom's Objection to R&R as to Claim Three

Nellom's third habeas claim is that his conviction violated his rights under *Apprendi*, because "[the p]etitioner was charged with a third degree felony which required proving the amount stolen exceeded $2,000. The verdict slip states the amount exceeded $50." *See* Am. Pet. at ECF p. 14. Mirroring her analysis regarding claim one, Judge Wells found claim three to be unexhausted for the same reasons related to Nellom's upcoming resentencing. *See* R. &. R. at 3.[8]

---

[8] Judge Wells additionally noted that,

> Since the Superior Court has already concluded that Petitioner's *Apprendi* sentencing claim has merit, it is unclear whether his third claim, which challenges his conviction on *Apprendi* grounds is necessary. Consistent with comity principles, that question should be addressed by the state court in the first instance.

R. & R. at 3, n. 3. The court agrees with Judge Wells to the extent that the Superior Court treated claim one as a part of claim four. *See Nellom*, 234 A.3d at 704 ("Appellant's final issue has two components. Appellant first contends

Similar to this court's resolution of claim one, Nellom's objections to the R&R relating to his third habeas claim do not, at any point, specifically or implicitly object to Judge Wells' determination that he failed to exhaust his available state court remedies as to this claim. As such, he is not entitled to *de novo* review of Judge Wells' resolution of his third habeas claim and the court will review for plain error. For reasons identical to those provided in the court's review of Judge Wells' analysis of claim one, the court will not adopt Judge Wells' analysis of claim three in the amended habeas petition because, contrary to Judge Wells' conclusion, Nellom will not be able to raise his claims relating to whether his conviction violated his rights under *Apprendi* on an appeal after he has finally been resentenced. Nellom brought claim three in his direct appeal, and it is accordingly exhausted and appropriate for federal habeas review. However, the court is still unable to grant Nellom habeas further relief on the merits of claim three because state court relief has already been granted.

To exhaust state remedies, a petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). For claim three, Nellom has accomplished this. *See Nellom*, 234 A.3d at 704; *see also Commonwealth v. Nellom*, 252 A.3d 593, 594 (Pa. 2021) (denying petition for allowance of appeal). The Superior Court logically interpreted claim three to be one component of a single issue also encompassing the claim Nellom has included in his amended habeas petition as claim four. *See Nellom*, 234 A.3d at 704. The Superior Court found part of this singular claim to be meritorious and remanded the matter

---

that the verdict slip was incomplete because it did not require the jury to find that the value of the stolen services exceeded $2,000.00. He then avers that this deficiency resulted in an illegal sentence.").

for resentencing. *See id.* at 704–06. Accordingly, the court cannot afford Nellom additional relief

on this claim, rendering it moot.[9] Thus, the court will (1) overrule Nellom's objection because he

failed to specifically object to Judge Wells' determination as to claim three, (2) reject the

recommendation that the court deny claim three because it is unexhausted, and (3) deny claim

three because it is moot.[10]

### 4. Nellom's Miscellaneous Statements

Within his objections to the R&R, Nellom makes several other assertions and raises several

new concerns, none of which are directly responsive to the claims brought in the amended habeas

petition. *See generally* Am. Pet. For example, Nellom argues there was an absence of absolutely

necessary material witnesses at trial and that the preliminary hearing testimony of John Senkow

established his factual and actual innocence. *See id.* at ECF pp. 2–3. The court has done its best to

interpret and incorporate Nellom's statements into the objections discussed above, but to the extent

---

[9] While abundantly unclear, it appears somewhat possible that Nellom is attempting to claim that because the Commonwealth charged him with Theft of Services as a third-degree felony (based on the value of the services he stole), the fact that the jury did not find that he stole an amount that would constitute a third-degree felony means that he should have been acquitted of Theft of Services because he was not charged with anything other than Theft of Services as a third-degree felony. *See* Am. Pet. at ECF pp. 14, 16–17. To the extent that this is Nellom's claim, it is unexhausted as he did not raise it on direct appeal. *See Nellom*, 234 A.3d at 699–700 (listing claims on appeal). It also appears that the claim is procedurally defaulted because he will not be able to pursue it should he appeal from his resentencing or later seek collateral review. *See Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir.) ("Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue ...; or, when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule[.]"), *cert. denied*, 568 U.S, 1036 (2012).

Nonetheless, even if Nellom had somehow preserved this claim, it wholly lacks merit. In Pennsylvania, the value of the stolen items is only relevant for sentencing purposes and is not an essential element of a theft offense. *See Commonwealth v. McKennion*, 340 A.2d 889, 891 (Pa. Super. 1975) ("Neither Section 3921 which details the crime nor Section 3901 which describes the property contains the element of value. We believe, therefore, that value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish the grade of the offense for purposes of imposing sentence."); *Commonwealth v. Seymour*, 346 A.2d 569, 570 (Pa. Super. 1975) (applying rationale of *McKennion* to offense of Receiving Stolen Property under 18 Pa. C.S. § 3925)). Therefore, although a jury must determine the value of the items/services/goods stolen for grading purposes and, ultimately, for sentencing purposes, under *Apprendi*, the fact that the jury found (and seemingly only because the verdict slip was drafted improperly) that Nellom did not steal a specific value of services so that the grading of the offense would meet that of the offense charged does not mean that the court should vacate his conviction. Instead, it merely means that the trial court should resentence him for the properly graded offense, which in this case is a second-degree misdemeanor, just as it will eventually do in this case.

[10] While the court interpreted Nellom's objections as relating to claim three, the court observed no possible objection to claim four.

Nellom is presenting new claims not originally included in the amended habeas petition before Judge Wells, the court will not consider them. *See Eaddy v. Glunt*, Civ. A. No. 15-1399, 2016 WL 3538590, at *4 (E.D. Pa. June 29, 2016) ("Local Rule 72.1(IV)(c) of this Court provides that after a Magistrate Judge's recommendations are filed, 'new issues and evidence shall not be raised...if they could have been presented to the magistrate judge.'"); *see also In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived. A passing reference to an issue does not suffice to preserve it." (citations and internal quotation marks omitted)); *Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) ("[B]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); *Mayo v. Giroux*, No. 14-cv-1144, 2015 WL 3872355, at *3 (E.D. Pa. June 23, 2015) (concluding that section 2254 habeas petitioner's claim of ineffective assistance of counsel was not properly before the court because he did not include it in his section 2254 petition or raise it before the Magistrate Judge). Therefore, the court overrules Nellom's objections to the R&R insofar as they include claims not brought before Judge Wells.

## III.   CONCLUSION

For the reasons set forth above, it is at best unclear whether Nellom has specifically objected to any of the R&R determinations. Reviewing for plain error, insofar as the court can construe Nellom's statements and concerns as objections, the court will still overrule Nellom's objection to Judge Wells' R&R as to claim two. The court declines to approve and adopt Judge Wells' report and recommendation as to claims one and three, finding instead that claim one is

procedurally defaulted and claim three is moot due to prior exhaustion and relief granted. In sum,

the court agrees with Judge Wells' overall recommendation that the court deny the habeas petition,

decline to issue a certificate of appealability,[11] and deny Nellom's motion for summary judgment.[12]

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[11] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, Nellom has not demonstrated that reasonable jurists would find the issues discussed above to be debatable.
[12] Nellom is not entitled to federal habeas relief on any of his claims. Accordingly, the court will deny the motion for summary judgment. *See* Doc. No. 15.